IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEROI JOSE CEDENO,<br> A# 245-621-368,<br> Petitioner, | §<br>§<br>§<br>§ | |
| v. | §<br>§ | No. 3:26-CV-1192-L-BW |
| PRAIRIELAND DETENTION<br>CENTER, et al.,<br> Respondents. | §<br>§<br>§<br>§ | Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Based on the relevant filings and applicable law, the Court should **DISMISS**

this habeas action without prejudice under Federal Rule of Civil Procedure 41(b) for

failure to prosecute and follow court orders.

## I.  BACKGROUND

On April 14, 2026, the Court received the Petition for Writ of Habeas Corpus

(28 U.S.C. § 2241) filed and signed by Mileidis Diaz Rivas on behalf of Petitioner

Leroi Jose Cedeno, an immigration detainee then detained at the Prairieland

Detention Center in Alvarado, Texas.  (*See* Dkt. No. 3.)  On April 16, 2026, the

Court entered a Notice of Deficiency and Order informing Cedeno and Diaz Rivas

that Diaz Rivas, a non-lawyer, had not established the propriety of "next friend"

status under 28 U.S.C. § 2242, and she therefore could not represent Cedeno in this

habeas action absent such a showing.  (*See* Dkt. No. 5 at 1-2.)  It further notified

---

[1] By Special Order No. 3-251, this habeas case has been automatically referred for full case management.

Cedeno that he could pursue habeas relief through licensed counsel or on his own behalf by filing an appropriate form § 2241 petition under his own signature. (*See id.* at 2.)

The April 16 order directed Cedeno to obtain licensed legal representation or complete and return the appropriate form § 2241 habeas petition under his own signature within 30 days if he wished to proceed with this habeas action. (*See id.*) With the order, the Court sent Cedeno the appropriate form for filing a § 2241 habeas petition. (*See* Dkt. No. 5-1.) The order also directed Cedeno to immediately notify the Court of any change of address and warned him that failure to comply could result in the dismissal of his case under Rule 41(b). (*See* Dkt. No. 5 at 2.)

The Court's deadline has expired, and Cedeno has not filed a § 2241 petition on the appropriate form under his own signature, and no licensed counsel has entered an appearance in this case. Additionally, all court filings sent to Cedeno at Prairieland Detention Center, including the April 16 order, were returned undelivered, and available records indicate that Cedeno is no longer in immigration custody at Prairieland Detention Center. (*See* Dkt. Nos. 7-9); ICE Online Detainee Locator System, https://locator.ice.gov/odls/#/search (last visited May 22, 2026). Cedeno has not provided an updated address.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with [a Federal Rule of Civil Procedure or] a court order." *Griggs v. S.G.E. Mgmt., L.L.C.,*

905 F.3d 835, 844 (5th Cir. 2018).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  Further, a court's authority under Rule 41(b) is not diluted merely because a party proceeds pro se, as "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law."  *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019).

Here, Cedeno has failed to comply with the Court's April 16 order to file a § 2241 habeas petition on the appropriate form under his own signature and to notify the Court of any change of address, despite a warning that failure to comply could result in the dismissal of his petition.  By not complying with the Court's April 16 order, Cedeno prevents this action from proceeding and has failed to prosecute this lawsuit.  Accordingly, the Court should exercise its inherent power to prevent undue delays in the disposition of pending cases and dismiss this action without prejudice under Rule 41(b) for failure to prosecute or follow court orders.

## III.  RECOMMENDATION

The Court should **DISMISS** this habeas action without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and follow court orders.

**SO RECOMMENDED** on May 22, 2026.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE


## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  _See_ 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  _See Douglass v. United Services Automobile Ass'n_, 79 F.3d 1415, 1417 (5th Cir. 1996), _modified by statute on other grounds_, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

4